FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 01, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE ANTONIO CONTRERAS, <br><br> Petitioner, <br><br> v. <br><br> WASHINGTON STATE <br><br> Respondent. | NO: 4:18-CV-5176-RMP <br><br> ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION |

BEFORE THE COURT is the Ninth Circuit Court of Appeals' directive to determine whether Petitioner's "Opposition to Dismissal" filed on December 12, 2018, ECF No. 13, is one of the motions listed in Federal Rule of Appellate Procedure 4(a)(4).

In this document, Petitioner indicates that he is incarcerated at the Airway Heights Corrections; that he presented his habeas petition on a form consistent with forms provided by the Clerk of Court; that there was an unspecified impediment to filing under 28 U.S.C. § 2244(d)(1)(B); and that under Washington state case law, "the right to proceed by writ of habeas corpus may not be

ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION -- 1

conditioned upon the exhaustion of any other remedy." ECF No. 13 at 1–3. To the extent this that document could be construed as a Motion for Reconsideration, it is **DENIED**.

A Motion for Reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). These standards apply in habeas corpus proceedings under 28 U.S.C. § 2254 to the extent that they are not inconsistent with applicable federal statutory provisions and rules. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Here, Petitioner has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this Court re-examining the issue of his failure to exhaust his state court remedies. *See O'Sullivan v. Boerkel*, 526 U.S. 838, 845 (1999).

The only remaining question is whether the Court should alter its prior ruling in order to correct a clear error or prevent manifest injustice. *Smith,* 727 F.3d at 955. The dismissal of the petition was without prejudice. There is no clear

error or manifest injustice. The Court finds no basis to reconsider the Order dismissing this action. Accordingly, **IT IS ORDERED** that the "Opposition to Dismissal," construed as a Motion for Reconsideration, ECF No. 13, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court shall enter this Order and provide a copy to Petitioner. The file shall remain closed. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there remains no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** February 1, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION -- 3